UNION TRUST CO. *v.* C. H. MILES ADAMS AVENUE
CORPORATION.

1. MORTGAGES—INTERVENTION NOT IN SUBORDINATION TO FORECLO-
SURE SUIT PROPERLY DENIED—STATUTES.

  Petition of corporation, securing judgments on unsecured notes
  against another corporation and its organizer while suit was
  pending against them to foreclose mortgage, to intervene in
  said foreclosure suit, was properly denied, under 3 Comp.
  Laws 1915, § 12362, as amended by Act No. 280, Pub. Acts
  1923, where such intervention was not sought in ''subordi-
  nation to, and in recognition of, the propriety of the main
  proceeding,'' as required by the statute.

2. SAME—JUNIOR INCUMBRANCER HAS NO RIGHT TO INTERVENE IN
FORECLOSURE SUIT.

  Junior incumbrancer, becoming such after institution of pro-
  ceedings to foreclose prior mortgage lien, is not necessary
  party defendant, and has no right to intervene in foreclosure
  suit, regardless of statute (3 Comp. Laws 1915, § 12362, as
  amended by Act No. 280, Pub. Acts 1923); intervention not
  being necessary for protection of his rights.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted April 3, 1929. (Docket No. 33, Calendar
No. 34,251.) Decided June 3, 1929.

Mortgage foreclosure proceedings by Union Trust
Company, a Michigan corporation, as trustee,
against the C. H. Miles Adams Avenue Corporation
and Charles H. Miles. From an order denying the
Netting Company's petition to become party defend-
ant, petitioner appeals. Affirmed.

*Milburn & Semmes,* for plaintiff.

*Freeman & Jordan,* for petitioner.

McDONALD, J.   This is an appeal from an order of the circuit court denying the application of the Netting Company to intervene as a party defendant.

The defendant Charles H. Miles owned a long-time lease in certain lots in the city of Detroit. He assigned his leasehold interest to the C. H. Miles Adams Avenue Corporation, which he had organized for the purpose of constructing a theatre and hotel on the lots. This corporation gave a mortgage to the Union Trust Company to secure a bond issue of $1,425,000. The trustee filed a bill to foreclose. While the suit was pending, the Netting Company secured judgments against Charles H. Miles and the C. H. Miles Adams Avenue Corporation on unsecured promissory notes. An execution was issued and a levy made on the leasehold estate of the C. H. Miles Adams Avenue Corporation and filed with the register of deeds of Wayne county. The Netting Company then applied to the circuit court for leave to intervene as a party defendant in the foreclosure suit. The petition was denied and the Netting Company has appealed.

The petitioner's right to intervene is controlled by a statute. 3 Comp. Laws 1915, § 12362, as amended by Act No. 280, Pub. Acts 1923, provides:

"In an action either at law, or in equity, any one claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding: *Provided,* That in attachment actions any party, other than the original defendant, claiming to own any of the property attached may assert his rights by motion to release the attachment so far

as it affects his property, which motion shall be heard and determined by the court under the same terms and conditions as motions in other cases.''

Counsel for the petitioner make no claim that they desire to intervene in ''subordination to, and in recognition of, the propriety of the main proceeding.'' They say in their brief that they stand in the shoes of the defendants, who are making no defense to the foreclosure. In an opinion filed as a basis for his decree, the circuit judge said:

''Counsel for the Netting Company, at the hearing on its petition, disclaimed all right to intervene under the provisions of the statute above quoted, for the reason that, as stated by him, the Netting Company did not desire to intervene in subordination to and in recognition of the propriety of the main proceeding, but that, if admitted as defendants, they would question and contest the propriety of the main proceeding and seek to defeat the right of the plaintiff to any relief and to litigate the validity and priority of the plaintiff's mortgage.''

It is very clear that its purpose in seeking to intervene is to contest the validity of the plaintiff's mortgage. Intervention for such purpose is not permitted by the statute, and the circuit judge correctly held that it may not be done in this case.

But, regardless of the statute, judicial policy is opposed to permitting intervention in circumstances similar to those of this case. The necessity for maintaining such a policy is well stated in *Steele* v. *Taylor*, 1 Minn. 274 (Gil. 210). This decision, which has been followed in many other jurisdictions where the question has arisen, is authority for holding, as the circuit judge held in the instant case, that a junior incumbrancer, becoming such after the institution of proceedings to foreclose a prior mortgage

lien, is not a necessary party defendant, and has no right to intervene in the foreclosure suit. Intervention is not necessary for the protection of his rights. As said by counsel for the plaintiff in their brief:

"A purchaser or incumbrancer *pendente lite* can always be protected in his interests in the property by filing his own original bill asserting his claim to the property. In this way a mortgagee is permitted to conduct his foreclosure proceeding in an orderly manner, and to proceed to a judicial determination of his rights as against his mortgagor and the mortgaged property."

In denying the petitioner's right to intervene there was no error. In view of this disposition of the case, it will not be necessary to consider the plaintiff's motion to dismiss the appeal.

The decree is affirmed, with costs to the plaintiff.

North, C. J., and Fead, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.